(30 Misc. Rep. 661.)

LEWIN v. TOWBIN.[1]

(Supreme Court, Special Term, New York County. March, 1900.)

1. EXECUTION—SUSPENSION—APPEAL—SUPREME COURT—JURISDICTION.

    Where plaintiff recovered a judgment against the defendant in the municipal court, and the defendant appealed from the judgment, and filed an undertaking, which was approved by the justice, and plaintiff filed a transcript of the judgment with the county clerk, and had an execution issued thereon, and on motion of defendant to set it aside the justice

[1] Reversed on appeal, see 64 N. Y. Supp 740.

granted leave to apply to the supreme court for relief, an objection that the supreme court had no right to sustain the motion to set aside the execution because a similar motion had been made in the municipal court, and denied, was untenable, since, when the transcript was filed with the county clerk, the judgment, as far as its enforcement was concerned, became a judgment of the supreme court.

**2. Same—Undertaking—Approval—Collateral Attack.**

Where defendant appealed from a judgment of the municipal court, and plaintiff served notice of exceptions to the sureties on the appeal bond, and defendant served notice of justification, which the plaintiff returned as served too late, and did not appear at the hearing, and defendant's motion was granted by default, and the undertaking approved, plaintiff cannot ignore such approval as a nullity by filing a transcript of his judgment with the county clerk, and having an execution issued thereon, since the justice had jurisdiction to pass on the question whether the notice of justification was filed in time; and, if plaintiff thought the decision was erroneous, he should have moved to vacate it.

Action by Julius Lewin against Bernard Towbin. Motion by the plaintiff for a reargument of defendant's motion to set aside an execution. Denied.

Robert L. Turk, for the motion.

A. B. Schleimer, opposed.

ANDREWS, J. The defendant moved to set aside an execution, and the motion was granted. The plaintiff now moves for a reargument of that motion. The plaintiff recovered a judgment against the defendant in a municipal court, and the defendant appealed from the judgment, and at the time of the filing of the notice of appeal paid the statutory costs. He also filed an undertaking, which was approved by a justice of that court. The plaintiff served notice of exception to the sureties, and the defendant served notice of justification, which the plaintiff's attorney returned upon the ground that it was served too late. Thereupon the plaintiff's attorney failed to appear on the return day of the notice of justification, and the undertaking was reapproved by a justice of that court, who indorsed upon the notice as follows: "Motion granted on default. Dated January 18, 1900. D. F. Finn, J. M. C." Afterwards the plaintiff's attorney obtained a transcript of the judgment, and filed it with the county clerk, getting the latter to issue an execution, which was set aside by one of the justices of the municipal court. Thereupon the plaintiff's attorney obtained another execution from the county clerk. Defendant's attorney moved to set aside the second execution, which motion was denied by a justice of the municipal court, but such justice indorsed upon the execution as follows: "Leave is hereby granted to the defendant to apply to a justice of the supreme court for such relief as he may be advised. Dated, New York, January 24, 1900. Daniel F. Finn, J. M. C." Plaintiff's counsel claims that the motion to vacate the execution issued by the county clerk ought not to have been granted by this court, because a similar motion had been made and denied by Mr. Justice Finn of the municipal court. This position is not tenable. When the transcript was filed, the judgment, so far as its enforcement was concerned, became a judgment of the supreme court, and the execution in

question was issued by the county clerk. An affidavit is submitted on behalf of the defendant to the effect that the denial of the motion to vacate the judgment, by Mr. Justice Finn, was upon the ground that he had no jurisdiction to entertain the motion. This affidavit is corroborated by the fact that the said justice indorsed upon the papers leave to apply to a justice of the supreme court. It is also claimed, as I understand, that the notice of justification of sureties was served too late, and that the approval of the undertaking by the justice of the municipal court was, therefore, a nullity, and that the plaintiff had a right to disregard it. In this contention the plaintiff's counsel is mistaken. The justice had jurisdiction to pass upon the question whether the undertaking should be approved, and necessarily, therefore, upon the question whether the notice of justification had been served in time; and his decision cannot be attacked in this collateral way. If plaintiff's counsel thought that the decision was erroneous, he should have moved to vacate the approval of the undertaking; and, if that motion had been denied, he should have appealed. When the undertaking was approved, the plaintiff's proceedings were stayed by operation of law, and he had no right on filing the transcript of judgment to procure the issuance of an execution. The case of Ross v. Markham, 5 Civ. Proc. R. 81, cited by the counsel, is not in point. In that case the undertaking was approved by a justice, and within 10 days thereafter the attorneys for the respondent served upon the appellant's attorney a notice of exception to the sureties, and nothing was done by the appellant to have his sureties on the undertaking justify. In the case before me, after notice of exception to the sureties, a notice of justification was given, and the undertaking was approved a second time on default. The motion for a reargument must be denied, with $10 costs to abide the event.

Motion denied, with $10 costs to abide event.